*772 OPINION.
Phillips:
Taxpayer contends that the action of the taxpayer in placing $7,500 to the credit of its capital account in 1914 was justified and that such sum should be included in invested capital. As a basis for this it points out that in 1910 the plant was written down from $35,300 to $25,000, and this despite the expenditure of over $5,000 in improvements shown to have been made between 1908 and 1910, which had not been capitalized. Taxpayer’s secretary and treasurer qualified as an expert on values and gave it as his opinion that the plant was worth $35,300, and not $25,000 in 1910. If we assume this to be so, we are confronted with taxpayer’s records for 1911 and 1912, which show no depreciation in those years carried into the profit and loss account, nor is there any proof that any depreciation was written off from the time of acquisition of the assets to 1917. In these circumstances we can not say that any error was committed by the Commissioner in computing invested capital when he excluded the $7,500 which had been restored by taxpayer to its plant account.
In their brief, counsel for taxpayer contend that the proper depreciation to be deducted had been settled between the taxpayer and the Commissioner, but an examination of the schedules attached to the deficiency letter discloses that this applies only to the depreciation to be taken during the years involved in the tax liability, and that, in computing invested capital, the Commissioner did not change taxpajrer’s surplus account except to disallow the $7,500 appreciation.
Taxpayer also alleges error in the method by which the Commissioner determined the amount of income subject to the 4 per cent tax imposed by the 1917 Act. In Appeal of F. J. Thompson, Inc., 1 B. T. A. 535, this question was fully considered and the conclusion reached that, in computing the 4 per cent tax imposed by the 1917 Act, the excess-profits tax was a credit to be applied against the net income for the fiscal year embraced in the return and not against the portion of the net income allocated to 1917. We have carefully reconsidered the decision in that appeal in the light of the arguments of counsel for the taxpayer. The rule laid down in the Act for the treatment of the excess-profits tax credit seems to us to be clear, and does not call upon us to interpret the congressional inten *773 tion for the purpose óf determining that Congress meant that the credit should, be treated or tax computed otherwise than as provided in the Act.
An error of 10 cents in computing taxpayer’s invested capital as of June 1,1916, is admitted by the Commissioner. The Board is not disposed to correct a deficiency for so trifling an amount. De minimis non curat lex. As this will affect the amount of tax for the year ended May 31, 1917, and the recomputation of such tax will in turn affect the invested capital and tax liability for the balance of the period involved, it will be necessary to recompute the deficiency.
Aeundell not participating.